ELSIE HOFFMAN ET AL. V.
UNITED WELDING AND MANUFACTURING COMPANY

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 77408

Memorandum filed October 16, 1946.

*William M. Harney,* of Hartford, for the Plaintiff.

*Dennis P. O'Connor,* of Hartford, for the Defendant.

CORNELL, J. This action seeks the appointment of a permanent receiver and the dissolution of defendant corporation. On September 18, 1946, a temporary receiver was named. The capital stock of the corporation, according to the complaint, consists of four hundred and fifty-nine shares without par value. Whether all or what number of these have been issued and are outstanding is not revealed but it does appear that plaintiffs together own two hundred and ninety-nine shares, which is in excess of a majority of the total authorized.

The applicant relates that he is the owner of five shares of the capital stock and asks that the court appoint an appraiser or

appraisers to place a value on the stock held by the plaintiffs so that he may elect to purchase it and discontinue the receivership proceedings. The petition invokes the procedure outlined in General Statutes, § 3469.

From the evidence submitted and the statements of counsel, it appears that the corporation has assets of about $205,000, of which, however, the sum of $150,000 is under attachment in a suit instituted by the applicant. Its present liabilities actual and potential approximate in excess of $675,000, but of this sum $150,000, is represented by a claim in suit held by the applicant and only $4,000 represent accounts payable. The remainder is made up of a demand of the federal government allegedly due it as a result of war contract renegotiations totaling almost $333,500 and claimed income tax adjustments of about $189,000. It is thus evident that on the face of it the corporation is presently insolvent by a wide margin and, if the plaintiffs were to be compelled to dispose of their stockholdings to the applicant at this time, it would necessarily be at a nominal price. In the event that the applicant should hereafter fail to establish his claim against the corporation, the sum of $150,000 which he now has under attachment would become an asset of the corporation, and likewise to the extent that he might not succeed in recovering judgment in toto. The claims held by the federal government which account for such a large percentage of the remaining liabilities may well be materially reduced as the result of negotiations, or if they are fully litigated. To the extent that such a result accrues, if it does, the financial condition of the defendant corporation may improve with ultimate solvency as a not impossible eventuality. To the degree that such a contingency obtains, the value of the outstanding stock in the hands of the plaintiffs may well improve. Whether it does or not, in view of other circumstances to which no reference need be made here, it would be highly inequitable to force the plaintiffs to dispose of their holdings for virtually nothing and thus not only deprive them of whatever opportunity there may be to recover dividends or to be advantaged by the increased value of their stock if the present claims against the corporation are either defeated or materially reduced. The statute does not contemplate such a transaction as is proposed here and a court of equity should not aid in its consummation.

The application is denied.